## Gorgas' Estate.

*Wills—Lapsed legacies—Residue—Intestacy as to residue.*

Where testator died unmarried, leaving to survive him an only child, and by his will gave her a life estate with remainder to her children, and provided further that if she should leave no children the remainder should go to testator's brothers and sisters living, and the "issue" of such as might be dead, and the daughter died childless and unmarried and all of the brothers and sisters of the testator predeceased her, none of them leaving issue, there was an intestacy as to the residue of the estate relating back to testator's death, and the residuary fund was properly awarded to the personal representatives of testator's only child to the exclusion of the next of kin of testator's brothers and sisters.

Argued Feb. 8, 1915. Appeal, No. 235, Jan. T., 1914, by George Gorgas Pierie, from decree of O. C. Chester Co., Jan. T., 1914, No. 235, dismissing exceptions to report of auditor in Estate of John Gorgas, deceased. Before BROWN, C. J., POTTER, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Exceptions to report of Robert T. Cornwell, Esq., auditor. Before BUTLER, J.

The opinion of the Supreme Court states the case.

The court dismissed the exceptions.

*Error assigned,* among others, was the dismissal of various exceptions to the auditor's report.

Preston K. Erdman, with him *Henry Spalding* and *Joseph P. McCullen,* for appellant.

*William W. Porter*, with him *J. Charles Murtagh* and *Joseph B. Townsend, Jr.*, for appellee.

PER CURIAM, March 1, 1915:

John Gorgas died unmarried in 1869, leaving to sur- vive him an only child, a daughter Susan. By his will he gave her a life interest in his estate, with remainder to her children. He further provided that if she should leave no children, the remainder should go to his brothers and sisters living, and the "issue" of such as might be dead. Nothing is given to the next of kin of deceased brothers and sisters. The daughter died childless and unmarried, and all of the brothers and sisters of her father died before her, none of them leaving issue. There was, therefore, an intestacy as to the residue of the estate of the decedent, which related back to his death, and the fund in the hands of the accountant was properly awarded to the personal representative of his only child: Bell's Est., 147 Pa. 389.

Appeal dismissed at appellant's costs.