WILLIAM T. TODD, Appellant, v. CONNOR INVEST-
MENT COMPANY et al.

Division Two, December 15, 1920.

1. **VESTED ESTATE.** The law favors the vesting of an estate as soon as the instrument under consideration will permit.

2. ————: **Dry Trust: Equitable Remainder: Children Then Living.** The owner of land in 1860 conveyed it to a trustee for the sole use of his daughter Sarah "for and during her natural life and upon the death of the said Sarah the said land shall descend to and vest in the children of said Sarah then living, when this trust shall cease, and the said children then living shall take the land absolutely in fee simply in equal parts." When the deed was made Sarah had four children, one of whom, a daughter, married, and after the birth of plaintiff, died in 1873. The other three survived Sarah, who died in 1913. *Held*, first, that the legal title vested in the trustee at the date the deed was executed, under a dry trust; *second*, that each of the four children living on said date became vested, as equitable remaindermen, with an undivided one-fourth interest in the land, subject to the condition subsequent that he or she might die before the death of Sarah, the life tenant; *third*, the interest of plaintiff's mother terminated upon her death in 1873, and the three surviving children, upon Sarah's death in 1913, took the entire estate; *fourth*, the equitable remainder lodged in plaintiff's mother, with the condition subsequent attached that she should survive the life tenant, terminated at her death, and passed to the three children of the life tenant who survived her; and, *fifth*, the plain words of the deed that, upon the death of the life tenant the title should vest in her "children then living," excludes her grand-child, the plaintiff.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,*
Judge.

AFFIRMED.

*John Cosgrove, J. H. and W. E. Bailey,* and *O. S. Burton* for appellant..

(1) The law favors vested estates and when there is a doubt whether the estate is vested or contingent the

doubt will be resolved in favor of the vested estate. Chew. v. Keller, 100 Mo. 362. (2) The word "children" should be construed to mean the children of Sarah living at the date of the execution of the deed. Roberta was about five years of age at the time the deed from her grandfather was delivered to the trustee. The children of Sarah were named as grantees, although their given names were not mentioned. The presumption is that their grandfather entertained the same love and affection for them that he did for their mother, and while the naked legal title was in the trustee his was a mere naked trust, and the children of Sarah were entitled to the fee, subject to their mother's life estate, and possession at her death, but the interest vested in them at the delivery of the deed, although the children were only referred to as a class. Barkhoefer v. Barkhoefer, 204 S. W. 909; Waddell v. Waddell, 99 Mo. 345; Heady v. Hollman, 251 Mo. 640; Eckle v. Ryland, 256 Mo. 439; Gillilan v. Gillilan, 212 S. W. 348; Elsea v. Smith, 202 S. W. 1075. (3) The estate created by the deed, the title to which was placed in a trustee for the benefit of Sarah and her children, vested in the children of Sarah a fee in remainder. This being true, the remainder cannot be limited thereon; because "the latter must have a particular estate to support it. Any other limitation, whether it be in the nature of an executory interest or defeasance, being inconsistent with the complete sovereignty of the owner of the fee over the land and his consequent unlimited right of alienation, cannot be attached to the estate, and if attempted to be created will be void." Elsea v. Smith, 202 S. W. 1075.

*Howard Gray, Norman A. Cox* and *Hugh Dabbs* for respondents.

(1) The word, "children" in this instrument, is used in its primary sense, meaning direct descendants of the first degree of Sarah. Where, as in this case, there is nothing in the language employed to show an intent

on the part of the grantor to include "grandchildren" in
the word "children," the grant will be limited to the di-
rect descendants of the first degree of the ancestor nam-
ed (Sarah) and will not include her grandchildren. Ring-
quist v. Young, 112 Mo. 31, 34; Warne v. Sorge, 258 Mo.
168; DeLassus v. Gatewood, 71 Mo. 371; 7 Cyc. 124-126;
11 Corpus Juris, p. 753, note 5; 1 Perry on Trusts (6
Ed.) sec. 254; 1 Bouvier's Law Dic., (3 Rev.) 479; 2
Words & Phrases, (1 Ed.) 1128, col. 1.   (2) The intent
of the grantor to exclude the grandchildren of Sarah,
and to exclude the children of Sarah who did not sur-
vive her, by the use of the words "children of Sarah L.
Hanson then living," is shown from the further lan-
guage employed: "Said children of Sarah L. Hanson
then living shall take in equal parts, share and share
alike." That is, that they shall be living at her death,
and that such as are living, shall take *per capita,* as di-
rect descendants of the first degree take, and not *per
stripes,* as grandchildren take.   (3) The instrument, it-
self, in unequivocal language, provides when the re-
mainder shall vest in the children of Sarah and on what
event.  It points out a class to take the remainder, but
makes the particular members of the class uncertain un-
til the happening of a certain event (the death of Sarah)
and dependent on the contingency.  It is clear that the
interest conveyed by the grant to the children of Sarah
then living at the time of her death is a contingent re-
mainder, and does not presently vest, but vests only at
some future time and then only on the happening or non
happening of a contingency of survivorship.  DeLassus
v. Gatewood, 71 Mo. 381; Eckle v. Ryland, 256 Mo. 450;
8 Words & Phrases (1 Ser.), pp. 694-5; 3 Bouvier's Dict.
p. 3268; Note to 25 L. R. A. (N. S.) 888; Sullivan v.
Garesche, 229 Mo. 505; Tevis v. Tevis, 259 Mo. 40; Bux-
ton v. Kroeger, 219 Mo. 240.   (4) A contingent remain-
der is not a descendible interest, and the heirs of the
contingent remainderman take nothing from such inter-
est unless, through the happening of the contingency as

provided, the interest becomes a vested one in the time provided. Here, the mother of plaintiff, who was a contingent remainderman, died before the contingency happened, and her contingent interest passed, under the terms of the grant, to the children (direct descendants of the first degree) of Sarah who survived Sarah. Sullivan v. Garesche, 229 Mo. 508; DeLassus v. Gatewood, 71 Mo. 381; Ringquist v. Young, 112 Mo. 25; Tevis v. Tevis, 259 Mo. 40. (5) Although the law in this State favors vested remainders, nevertheless contingent remainders are recognized, and where, under the language creating the interest, the remainder depends on a contingency such as survivorship after the death of the life tenant, as here, the decisions of this and other appellate courts are that the remainder will be held a contingent one, and will not vest until the happening of the contingency on which it depends. Moreover, this State recognizes the right of the owner of property, in making a grant or devise, to create a contingent remainder, and where, as here, the intent to do so is apparent, the remainder will be held to be a contingent one, to vest only in the future and on the happenings of the event stipulated in the grant. Buxton v. Kroeger, 219 Mo. 242; Tevis v. Tevis, 259 Mo. 36; DeLassus v. Gatewood, 71 Mo. 381; Eckle v. Ryland, 256 Mo. 450; LaVaulx v. McDonald, 190 S. W. Mo. 607. The word " then," used in the connection, " upon the death of Sarah L. Hanson, said land shall then vest in . . . the children of Sarah L. Hanson then living . . . and the then living children shall take," is an adverb of time, pointing out when the remainder shall vest, and on what event. Rinsquist v. Young, 112 Mo. 31, 34; DeLassus v. Gatewood, 71 Mo. 381; Eckle v. Ryland, 256 Mo. 450; McNutt v. Ins. Co., 181 Mo. 94.

RAILEY, C.—This suit was brought in the Circuit Court of Jasper County, Missouri. On February 26, 1918, it was tried before the court, without a jury, under plaintiff's first amended petition. The latter con-

tains two counts. The first alleges that the Connor Investment Company is a Missouri corporation, doing business in Jasper County, Missouri; that Florence Phelps Rothert, whose maiden name was Florence Phelps, is the wife of Wm. H. Rothert; that George Emmett Phelps is a minor, and that Bridget O'Leary Phelps is his legally appointed guardian; that plaintiff is the owner and claims the fee simple title to the undivided one-fourth interest in Lot 2, of the northwest fractional quarter of Section 7, Township 27, Range 33, containing 49.90 acres of land, located in Jasper County, Missouri, except a lot reserved out of the above described land, measuring 13 rods east and west and 18 rods north and south; that defendants are claiming some title, estate or interest in said property, adversely to the estate and title of the plaintiff. Said count concludes by asking the court to ascertain and determine the title of the parties herein to said undivided one-fourth interest, etc. The second count is similar to the first down to and including the description of said undivided one-fourth interest claimed by plaintiff. The petition then alleges that lying underneath the surface of said land there was a rich and valuable deposit of both zinc and ore; that for some years past said defendants, without the knowledge of plaintiff, have been wrongfully mining said land, taking said ore therefrom, and disposing of the same; that said ore so taken was of great value; that plaintiff was legally entitled to one-fourth interest in said ore, and that he has not sufficient knowledge of the amount and value of the ore so removed by defedants as to state the actual value thereof. This count concludes by asking the court to order and adjudge an accounting between the plaintiff and defendants; that the latter be required to account for, and pay over to plaintiff, all the amount due him for his interest in said ore, and for such other orders and judgments, touching the premises, as the court may deem just and equitable.

Defendant John H. Carroll, through his attorneys, Norman A. Cox and Hugh Dabbs, entered his voluntary appearance in this cause, and for his separate answer to both counts, alleged that he is the owner of an undivided one-fourth interest in fee simple of the land described in the petition. The answer likewise contained a general denial. The court was asked to ascertain and determine the respective interests of said defendants, and to decree that plaitniff has no interest in said real estate.

The Connor Investment Company answered through the above attorneys, claiming to be the owner of the undivided one-half interest in fee simple of the land described in the petition. The answer in other respects was similar to that filed by John H. Carroll, and concludes with a prayer for general relief.

Defendants B. O. Phelps, in her own right, and as curator of the estate of George Emmett Phelps, acting through attorneys McReynolds & McReynolds, filed a separate answer, alleging that she and her said ward each own an undivided one-sixteenth interest, in fee simple, in the land aforesaid. The answer in other respects is similar to that filed by John H. Carroll, supra.

Defendants Wm. Howe Phelps and Florence Phelps Rothert answered separately, through their attorneys, Gray & Gray, in which they deny that plaintiff has any interest in the real estate described in the petition, and aver that it belongs to defendants.

There was a reply, in the nature of a general denial, of the new matter pleaded in said answers.

There is no controversy over the material facts in the case. On December 22, 1860, Peter Pierce, of Cooper County, Missouri, was the owner in fee of all the land described in the petition and on the above date, executed and delivered the following deed (omitting acknowledgment):

"This indenture of three parts made this the 22nd day of December, 1860, between Peter Pierce of the first

part and Wm. H. Trigg, of the second part, and Sarah L. Hanson, the wife of Samuel Hanson, and the children of the said Sarah L. and Samuel Hanson, of the third part; witnesseth, that the said Peter Pierce, for and in consideration of the natural love and affection he feels for his daughter, the said Sarah L. Hanson, and her children, and in further consideration of the sum of $5, to him paid by the said William H. Trigg, the receipt of which is hereby acknowledged, doth, by these presents, grant, bargain, sell and convey unto the said Wm. H. Trigg and to his heirs forever, all the following described land situate in Jasper County, in the State of Missouri, to-wit: The southeast one-fourth of the northeast quarter of Section 12, in Township 27, of Range 34, containing forty acres more or less; also Lot No. 2 of the northwest fractional quarter of Section 7 in Township 27 of Range 33, containing 49 acres and 90-100 of an acre, except a lot reserved out of the above described land measuring 13 rods east and west and 18 rods north and south for a school house; the land hereby conveyed being the same conveyed by Moses Smith to the said Peter Pierce by deed dated April 23, 1859.

"To have and to hold the same and the appurtenances unto the said W. H. Trigg and to his heirs and assigns forever. And the said William H. Trigg in consideration of the premises and of the sum of $5 to him paid by the said Sarah L. Hanson and her children, the receipt of which is hereby acknowledged, doth hereby declare and make known that he does and he and his heirs shall and will hold the said land and the rents, issues and profits thereof to and for the sole and separate use and benefit of the said Sarah L. Hanson for and during her natural life and to permit her to use and occupy the same and take the rents, issues and profits thereof to her own separate use and benefit, free and exempt from the control, debts and liabilities of any husband of the said Sarah L. Hanson, *And upon this*

*further trust, that upon the death of the said Sarah L.
Hanson, then the said land shall descend to and invest
in fee simple in the children of the said Sarah L. Han-
son then living, when this trust shall cease and be de-
termined, and the said children then living shall take
the said land absolutely in fee simple in equal parts,
share and share alike, discharged of the trust hereby
created.*

"In witness whereof, the said parties of the first
and second part have hereunto set their hands and
seals, this the day and year first herein written.
                              "PETER PIERCE  (Seal)."

. At the time of the execution and delivery of the
above deed, the life tenant, Sarah L. Hanson, had four
children living; namely; Elizabeth May Todd, some-
times called Lizzie Todd; Joseph C. Hanson; Richard
P. Hanson; and Roberta L. Todd, the mother of plain-
tiff and appellant in this cause.

Roberta L. Todd was born August 4, 1854. She
married Strother H. Todd on December 8, 1873, and
died on February 23, 1875 a few days after the birth
of plaintiff. The latter is the only child of said Roberta
L. Todd.

The life tenant, Sarah L. Hanson, died December
23, 1913. She left surviving her Elizabeth May Todd,
a daughter; Joseph C. Hanson, a son; and Richard P.
Hanson, a son.

It is admitted that neither the plaintiff in this suit,
nor his mother, Roberta L. Todd, ever made any con-
veyance of said land to defendants, or those under
whom they claim.

Peter Pierce and Wm. H. Trigg are both dead.
Samuel Hanson, the husband of the life tenant, Sarah
L. Hanson, died in 1864. After the death of plaintiff's
mother, Sarah L. Hanson, and the three children who
survived her, conveyed all their interest in, and pur-
ported to convey the full title, to, the land described
in the petition, to the grantors of defendants; and it

is admitted that, "through successive conveyances properly executed and recorded, all of the right, title and interest of the said surviving children of the said Sarah L. Hanson, has been conveyed to defendants, Connor Investment Company, John H. Carroll, and the heirs of William H. Phelps, deceased, in the following parts: Connor Investment Company, one-half; John H. Carroll, one-fourth; and the heirs of William H. Phelps, deceased, one-fourth; and that said defendants are the owners in fee simple title of all the right, title and interest of the said surviving children of the said Sarah L. Hanson." It is further admitted that since the date of said deed from the surviving children of said Sarah L. Hanson, to-wit, September 16, 1876, up to and including the date of the bringing of this suit in 1917, the said defendants, and those under whom they claim, have been in exclusive possession of said land, claiming to own the same and paying all the taxes thereon.

The trial resulted in a judgment for defendants. Plaintiff, in due time, filed his motion for a new trial, which was overruled and the cause duly appealed by him to this court.

I.    The facts herein are fully set out, and are undisputed. The deed in controversy is likewise set out in full, with the acknowledgment omitted. The rights of the parties to this litigation must be determined from a consideration of the deed aforesaid, in connection with the facts.

It may be said in passing, that the law favors the vesting of an estate as soon as the terms of the instrument under consideration will permit. [Collins v. Whitman, 222 S. W. (Mo.) l. c. 842; Dunbar v. Sims, 222 S. W. (Mo.) l. c. 839-40; Huntington Real Estate Co. v. Megaree, 280 Mo. 41; Henderson v. Calhoun, 183 S. W. (Mo.) l. c. 586; Deacon v. Trust Co., 271 Mo. l. c. 687-8; Heady v. Hollman, 251 Mo. l. c. 638; Chew v. Keller, 100 Mo. l. c. 368; Jones v. Waters, 17 Mo. l. c. 589-90.]

Vested Estate.

II.   The above deed was executed and delivered on December 22, 1860.  On said date, Sarah L. Hanson and Samuel Hanson, her husband, had four living children, all of whom survived the life tenant,

Children Then Living.

Sarah L. Hanson, except plaintiff's mother, who died in 1875, a few days after the birth of plaintiff.  The life tenant died on December 23, 1913.  No other children of Sarah L. Hanson were living at the date of her death, except the three above mentioned.   Keeping in mind the principles of law enunciated in the preceding paragraph, we are of the opinion, that at the date of the execution and delivery of said deed, the trustee, Wm. H. Trigg, took the legal title to said property, under a dry trust; that Sarah L. Hanson became, at said date, the equitable owner of a life estate in said land; that each of the four children living at said date, became vested, as equitable remaindermen, with the undivided one-fourth interest in said land, subject to the condition subsequent that he or she might die before the death of the life tenant, as contemplated in the italicised portion of the deed aforesaid. Hence, the interest of plaintiff's mother, terminated at her death, and the three children living, when the life tenant died, took the entire estate by the provisions of said deed.   [Collins v. Whitman, 222 S. W. (Mo.) l. c. 843-4; Fields v. Jacobi, 181 S. W. l. c. 66; Sullivan v. Garesche, 229 Mo. l. c. 507; Hoselton v. Hoselton, 166 Mo. l. c. 188; 23 R. C. L. p. 518, sec. 56; 2 Underhill on Wills, sec. 874, p. 1330; Tiedeman on Real lProperty (3 Ed.) sec. 301, p. 455; Bigley v. Watson, 98 Tenn. l. c. 360, 39 S. W. 525; Gilpin v. Williams, 25 Ohio St. l. c. 295-6; Harrison v. Weatherby, 180 Ill. l. c. 441, 54 N. E. 237; Bell's Estate, 147 Pa. 389, 23 Atl. 577; In re Kenyon, 17 R. I. 149, 20 Atl. 294; Rand v. Butler, 48 Conn. 293; Gilman v. Stone, 123 Ky. l. c. 140-1, 94 S. W. 28; Stokes v. Van Wyck, 83 Va. l. c. 732, 3 S. E. 387; Loring v. Eliot, 82 Mass. 568, 574.]

It follows, from what has been previously said, that the equitable remainder, lodged in plaintiff's moth-

er, with the condition subsequent attached as aforesaid, terminated at her death, and passed, by the terms of the deed, to the three remaining children, subject to the same condition provided in said instrument. We accordingly hold, that the trial court reached a correct conclusion, in finding that plaintiff has no right, title or interest in the land described in petition.

III. It is claimed by appellant that the trust declared in the deed in favor of the children living at the time of the life tenant's death should be construed to include plaintiff, as the grandchild of Sarah L. Hanson, and the only child of his mother. The trust referred to in said deed, provides that "upon the death of the said Sarah L. Hanson, then the said land shall descend to and invest in fee simple in the children of the said Sarah L. Hanson then living, when this trust shall cease and be determined, and the said children then living shall take the said land absolutely in fee simple in equal parts, share and share alike, discharged of the trust hereby created." The property conveyed belonged to Peter Pierce. He had the legal right to convey it, as was done, by the deed in controversy. The instrument is couched in plain, simple language, and is easily understood. The words used, in declaring the above trust, clearly designate the children of Sarah L. Hanson living at the time of her death as the objects of his bounty, who should then become the owners in fee of said land. There could be no mistake as to who was to take the title at the death of the life tenant, for in two places he designates the children then living, as the individuals who should be vested with the title to said land. The conclusions heretofore reached, in respect to the subject-matter of this litigation, are in harmony with the plain provisions of the foregoing deed.

Grand-child.

The decree of the circuit court in favor of respondents, meets with our approval, and is accordingly af-

firmed. *Mozley, C.,* concurs; *White, C.,* concurs except as to Paragraph II.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.