## Kidd's Estate.

*Wills — Construction — Intention—Undisclosed purpose—Intestacy.*

1. In construing wills, the courts are concerned with the intention as shown by the language employed, and do not seek for some undisclosed purpose, which possibly was in testator's mind.

2. In will cases, precedents are of little aid in reaching a proper determination; for the words of a particular instrument under consideration must control.

3. Where a testator directs that, in a certain event, after the expiration of a particular interest, the estate shall go to his heirs or next of kin, or to the person who would take under the intestate laws, or, if this follows because of a failure to make disposition of the property, he is to be understood as meaning the persons who would have taken at the time of his death, and not at the time appointed for their taking; unless the will affords clear and unequivocal evidence to the contrary.

4. The fact that the person to whom the prior estate is given, though his death is to precede the ultimate limitation, is himself an heir, does not change the result.

5. Where a testatrix gives a fund in trust for her two children, a son and daughter, directing that one-half of the income should be paid to each or their issue in case of their decease, and if either should die without issue, then his or her share to be given to the survivor, and gives the residue of her estate to the survivor of the two children, and, by a subsequent clause, she directs that in case both children died in her own lifetime, leaving issue living at her death, the residuary estate should be paid to such issue by representation, and by still another clause directs that if both children died in her own lifetime leaving no issue, the residue should be divided between her own and her husband's collateral kin, and it appears that the son died after testatrix, intestate, unmarried and without issue, and that thereafter the daughter died without issue, married and testate, the whole fund is to be distributed not to the next of kin of testatrix and her husband, but to the executor of the daughter of testatrix.

Argued March 21, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 87, March T., 1928, by Charles F. Kidd, administrator of estate of W. C. Rogers, deceased, distributee, from decree of O. C. Mercer Co., April T., 1925, No. 28, sustaining exceptions to auditor's report, in estate of Lizzie Kidd. Affirmed.

Exceptions to report of auditor. Before McLAUGHRY, P. J.

The opinion of the Supreme Court states the facts.

Exceptions sustained. Charles F. Kidd, administrator of W. C. Rogers, deceased, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*C. H. Akens,* with him *T. C. Cochran,* for appellant.—The court erred in not awarding the fund to the collateral claimants: Leech's Est., 274 Pa. 369; Earp's Est., 75 Pa. 119; Morgan's Est., 223 Pa. 228; Patrick v. Smith, 2 Pa. Superior Ct. 113; McMasters v. Negley, 152 Pa. 303; Hollinshead's Est., 273 Pa. 573; Schuldt v. Trust Co., 270 Pa. 360; Handley's Est., 212 Pa. 11; Holmes v. Holmes, 5 Binn. 252.

*Harry S. Dunmire,* with him *Q. A. Gordon* and *R. T. M. McCready,* for appellee.—Lizzie Kidd died intestate as to the remainder in the moiety to Frank Evret Kidd and the title to such remainder vested at her death in her two children, Frank Evret Kidd and Blanche Jane Kidd Carnes, in equal shares; and on the subsequent death of Frank Evret Kidd intestate, unmarried and without issue, the title to his equal share in the remainder in said moiety vested in his sister, Blanche Jane Kidd Carnes: Bell's Est., 147 Pa. 389; Moore v. Deyo, 212 Pa. 102; Gorgas's Est., 248 Pa. 343.

This conclusion cannot be affected by the fact that, in paragraph 4 of the trust provisions, the testatrix made a different testamentary disposition with respect to the remainder in the entire trust fund which was to apply in case either one of her said children should not survive her and should not leave issue living at the death of the testatrix.

The intestacy as to the Frank Evret Kidd moiety relates back to the date of the death of testatrix: Gorgas's Est., 248 Pa. 343.

As to the moiety of Blanche Jane Kidd Carnes, it did not go to the residuary estate: Lauer v. Hoffman, 241 Pa. 315.

Appellant has no standing to take under the residuary clause: Mifflin's Est., 279 Pa. 429; Price's Est., 279 Pa. 511; Yates's Est., 281 Pa. 178.

OPINION BY MR. JUSTICE SADLER, April 9, 1928:

Lizzie Kidd died on April 11, 1905, leaving a will dated April 25, 1901, with a codicil executed thereafter. She was survived by two heirs at law, her children, Frank and Blanche, the first of whom died intestate, unmarried and without issue, in 1912, and the latter, intermarried with Walter Carnes, died also without issue, testate, in 1916. The proper distribution of the balance in the hands of the trustees named in the mother's will is the question now in controversy. An award of it was made by an auditor, appointed by the orphans' court, to the collateral heirs of Lizzie and Adam Kidd, her husband. Upon exceptions filed, the distribution recommended was set aside, and the balance on hand directed to be paid to the executor of the surviving child of decedent, Blanche Kidd Carnes. The correctness of this adjudication is questioned on this appeal, and we are called upon to construe the provisions of the will under which all parties claim.

After directing the payment of her debts, and devising two houses to others, the testatrix established, by paragraph four, a trust fund in the amount of $200,000 for the benefit of her two children. She directed that one-half of the income should be paid to each, or their issue in case of their decease, and if either should die without issue, then his or her share of the income to be given to the survivor. By subsequent clauses of the same section of the will it was provided that "in case of the death of such survivor leaving no issue living to convey and pay over such entire sum as hereinafter provided for the distribution of my residuary estate."

By paragraph five any additional estate was disposed of. One-half thereof was given to each child, or the whole to the survivor, if either died leaving no issue. The property of decedent was not sufficient to furnish the amount fixed as the corpus of the trust fund, and there was therefore no sum immediately divisible as directed by the first named parts of the section referred to.

Two items follow, which give rise to the present contro-
versy, and for the sake of a proper understanding of
them they will be quoted. "5. In case of the death of
both my said children *prior to my own* leaving issue of
both or of either living at the time of my decease, to
convey and pay over my said residuary estate to such
issue so living by right of representation." "6. In case
of the death of both of my said children *prior to my own*
leaving no issue of either living at my decease, to convey
and pay over my said residuary estate as follows: [one-
half to the heirs at law of her husband, Adam Kidd, and
one-half to brothers and sisters of decedent]."

Under the terms of paragraph four,—both children
having died without issue after the decease of their
mother,—the trust fund became distributable as part of
the residue of the estate. The heirs at law at the time of
testatrix's death were the son and daughter, who sur-
vived, and if there was no disposition of the remainder
in case they outlived her, she died intestate as to this
fund, and it must be distributed accordingly. The col-
laterals, referred to in clause six of paragraph five, were
not heirs at law, and acquired no interest in the estate
unless they can point to some specific legacy or devise,
and all that appears is an interest in case the two chil-
dren died prior to the mother. At no other place in the
will are they mentioned, and any possible share they
might have secured by the terms of the will terminated
upon the decease of Mrs. Kidd leaving Frank and
Blanche to survive.

The auditor came to the conclusion that the will taken
as a whole showed an intention to keep the property
within the families of the testatrix and the husband,
and, since both of the children died without issue, clause
six of paragraph five should control the distribution not-
withstanding the express declaration that it should be
effective only in case both children should die without
issue prior to testatrix's death. With this finding, the
orphans' court did not agree, nor do we. In construing

wills, the courts are concerned with the intention as shown by the language employed, and do not seek for some undisclosed purpose, which possibly was in the testator's mind: Packer's Est. (No. 2), 291 Pa. 198; Yates's Est., 281 Pa. 178. It may be that Mrs. Kidd was desirous of keeping her estate within the family lines of herself and husband, but she failed to express this thought, if such existed, as she might easily have done. It will be noted that the whole document shows a careful consideration of its provisions by the testatrix, and was framed to meet the various contingencies which seemed important to her.

It is argued that, since there is a legal presumption that testatrix did not desire to die intestate, a construction should be made which would obviate this result, and such could be effected by holding that Mrs. Kidd intended her estate to pass to the collaterals in case both children died without children surviving. Numerous cases are cited to show the application of the rule that a general purpose of a testator is to be sought in construing doubtful provisions, but, as in all will cases, precedents are of little aid in reaching a proper determination, for the words of the particular instrument under consideration must control: Mifflin's Est., 279 Pa. 429. Artificial rules of construction must give way to the written directions: Price's Est., 279 Pa. 511. The courts can only interpret the will as made, and have no right to add thereto in order to carry out a possible, but unexpressed, intention: French's Est., 292 Pa. 37.

By paragraph four, the trust estate was established for the benefit of the children and their issue, and the residue given absolutely to the survivor of them. The collaterals were to share only in case all of the first takers should die before the testatrix. What remains of the trust fund became a part of the estate not expressly disposed of, and as to it there was an intestacy, and the same passed to the heirs at law as of the date of the mother's death. The rule applicable was thus

stated by Judge HANNA, approved by this court: Bell's
Est., 147 Pa. 389, 392: "When a testator directs that in
a certain event, after the expiration of a particular in-
terest, the estate shall go to his heirs or next of kin, or to
the person who would take under the intestate laws [or
if this follows because of a failure to make disposition of
the property], he is to be understood as meaning the
persons who would have so taken at the time of his
death, and not at the time appointed for their taking,
unless the will affords clear and unequivocal evidence
to the contrary, [as in Leech's Est., 274 Pa. 369, relied
on by appellant in the case before us]. The fact that
the person to whom the prior estate is given, though
his death is to precede the ultimate limitation, is him-
self an heir, does not change the result or show such
unequivocal intention that he was not also to take as
heir upon the happening of the contingency."

A situation similar to the one found in the case at
bar was before this court in Gorgas's Est., 248 Pa.
343, where a life estate was given to a daughter with
remainder to her issue, and, if none, over to brothers
and sisters, all of whom predeceased her. It was held
that there was an intestacy as to the residue of the
estate, relating back to testator's death, and the estate
should be awarded to the administrator of the daughter.
So, where a spendthrift trust was created for children,
with remainder to a charity, ineffective because of the
execution of the will within thirty days, the estate
passed to the heirs at law, i. e. the children, under the
intestate laws, as of the date of testator's death: Moore
v. Deyo, 212 Pa. 102. See also Neel's Est., 252 Pa.
394, 414; Edelman's Est., 276 Pa. 503.

Careful consideration of the will before us leads to
the inevitable conclusion that testatrix died intestate
as to the trust fund, which she established in para-
graph four of her will. She did not dispose of it in
any way, except in the contingency that both of her
children should die before her, without issue, in which

event the collaterals were to share. Frank and Blanche acquired the remainder estate as of the date of the mother's death, notwithstanding the intervening trust established for their benefit. Frank died intestate, unmarried and without issue, and his property, including the share in question, passed to his surviving sister, who thereby became vested with all. She left a will, upon which letters testamentary were granted, and to the executor named the fund now for distribution was properly awarded.

The decree is affirmed at the cost of appellant.