Whiteside's Estate.

Argued January 14, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Walter Biddle Saul,* of *Saul, Ewing, Remick & Saul,* for appellants.

*Theodore F. Jenkins,* for appellee.

PER CURIAM, January 26, 1931:

These three appeals are from a decree of the Orphans' Court of Philadelphia County confirming an adjudication construing the sixth paragraph of the will of William Whiteside, deceased.

William Whiteside died May 18, 1890, leaving a will dated March 25, 1887, by which he devised the residue of his estate in trust to pay the income to his daughter Mary Jane Whiteside for life, and upon her death (quoting from the sixth paragraph of the will) "to pay over and convey the principal of said residuary estate and any income then due and not paid over, to the child or children of my said daughter Mary Jane Whiteside who shall be living at the time of her decease, if more than one in equal shares, and to the issue of any child who may then be deceased, such issue taking among them the share their parent would have taken if living, and in default of such child, children or issue, to convey and pay over the said principal and unpaid income to my heirs and next of kin who would be entitled to take the same under the intestate laws of the State of Pennsylvania." At the time of his death, Mary Jane Whiteside was next of kin; she later married John H. Livingston, who predeceased her. She died on November 13, 1929, testate, and without issue. The trust having ended at the death of the cestui que trust, Mary Jane Livingston (nee Whiteside), the single question submitted on this appeal is whether the principal and accrued income of the terminated trust estate should pass into her estate, she having been next of kin at his death, or whether it goes to the heirs and next of kin of William Whiteside, determined as of the date of Mrs. Livingston's death and accordingly excepting her from these classifications.

In a long line of decisions we have held that where a testator gives his estate to his heirs or next of kin or to those who may be entitled under the intestate laws, these classes are to be determined as of the date of his death, even though a life estate intervenes,—the only exception to the rule being where the will contains an expression showing a clear and unequivocal intention to the contrary. See Tatham's Est., 250 Pa. 269, 276-7, and cases there cited; Kidd's Est., 293 Pa. 56, 62; Stoler's Est., 293 Pa. 433, 435-6. Further, it is immaterial that the life tenant is one of the class who will take the remainder: Bache's Est., 246 Pa. 276, 279. Should the matter admit a doubt, the doubt must be resolved in favor of the heir or next of kin following the familiar rule that only express words or necessary implication are effective to disinherit an heir.

In the present will, appellants urge that a contrary intent is plainly manifested by testator's language. They argue that, since testator used the expression "who would be entitled," and that expression is one of futurity, he must be said to have anticipated a vesting of the residuary estate not at the time of his death but at the time of the life tenant's death, otherwise he would have used language expressing an intent to vest the estate in a class definitely known at his death. We are not impressed with this argument. The fact that the language is conditional, and expresses uncertainty and possibility as to the persons in whom the property would ultimately vest, indicates nothing more than testator's lack of knowledge at the time he wrote his will of those who would be entitled to take under the intestate law at the time of his death, and that he accordingly phrased his residuary gift in conformity with that uncertainty. As regards matters of intention, a will is to be construed as of the date of its execution rather than the date of testator's death: Thompson v. Trustee, 268 Pa. 203, 210. Particularly is this so on questions of identity of beneficiaries: Schouler, Wills, 6th ed., volume 2, section 844,

page 949. In construing the words "heirs and next of
kin who would be entitled" we have to do with a mat-
ter, not for arbitrary construction, but of intention;
which in this case means: What did testator have in
mind at the time he wrote his will? Giving effect to
testator's natural consideration of a passage of time be-
tween writing the will and its taking effect upon his
death, we can say that the language used indicates no
more than a mental allowance for change in the classes
of probable heirs and probable next of kin. To adopt
the interpretation urged by appellants would be to force
upon the testament a severe construction opposing what
we believe was testator's intent. We are in accord with
the view of the orphans' court awarding the residuary
estate, principal and income, to the executor of the es-
tate of Mary Jane Livingston.

The decree of the orphans' court is affirmed, costs to
be paid by appellants.