McFarland Estate.

Argued April 19, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Howard Y. Crossland,* with him *Louis Oppenheim* and *W. H. Coleman,* for appellants.

*John B. McCreight,* of *McCreight & McCreight* with him *Harry D. Hamilton,* and *Clyde S. Pipes,* of *Hamilton & Pipes, Rufus S. Marriner* and *Miller & Schmidt,* for appellees.

OPINION BY BALDRIGE, J., July 15, 1944:

G. W. McFarland died March 25, 1909. The 7th paragraph of his will reads as follows: "If my Wife dont get married all my state is left to her as long as she lives and at her death if my daughter, Mrs. Murel Kelley is living it shall go to her or if she is dead and have Children it is to go to them." His widow died November 26, 1940, without having remarried and the daughter Mrs. Kelley, predeceased her on August 18, 1939, leaving no issue.

An intestacy resulted as the remainder, which was clearly contingent upon the daughter's surviving the mother, failed in the absence of any gift over and therefore continued to be in those entitled under the intestate laws who stand in the place of the testator. The ques-

tion before us is whether the intestacy relates back to the death of the testator or is to be treated as of the death of the life tenant. We think the lower court was correct in holding that the heirs were to be ascertained as of the death of the testator, and in awarding the fund to Murel E Kelley (referred to in the will as Mrs. Murel Kelley), the daughter and sole direct heir, to the exclusion of the collateral heirs. Mrs. Kelley having died, her executor, as her representative, was entitled to receive the funds. As the testator died prior to the Act of June 29, 1923, P. L. 914, 21 PS §11, its provisions, that where there is a life estate with a remainder over to the heirs or next of kin they shall be determined as of the time of the termination of the life estate, have no application: *Barge's Estate*, 126 Pa. Superior Ct. 332, 335, 191 A. 184.

In *Whiteside's Estate*, 302 Pa. 452, 153 A. 728, the will was dated March 25, 1887, and the testator died May 18, 1890. The court there stated: "In a long line of decisions we have held that where a testator gives his estate to his heirs or next of kin or to those who may be entitled under the intestate laws, these classes are to be determined as of the date of his death, even though a life estate intervenes,—the only exception to the rule being where the will contains an expression showing a clear and unequivocal intention to the contrary."

We find nothing in this will that interferes with the application of this general canon of construction. The same rule is used when the intestacy results from a failure of testator to make disposition of all his estate or from the failure of a contingent remainder after a life estate. The fact that the life tenant is the sole heir or next of kin, or is one of the heirs or next of kin at the time of the testator's death, does not change it. The rights of a statutory distributee are fixed at time of death of testator. If distributee should die be-

fore contingency has determined, the representative will take his or her share: *DeSilver's Estate*, 142 Pa. 74, 76, 77, 21 A. 882; *Bell's Estate*, 147 Pa. 389, 23 A. 577; *Gorgas' Estate*, 248 Pa. 343, 93 A. 1073; *Whiteside's Estate*, supra; *Knox's Estate (No. 2)*, 328 Pa. 188, 191, 195 A. 34; Annotation 132 A. L. R. 1069, 1071, 1072.

Appellants rely upon *Laughlin's Estate*, 336 Pa. 529, 9 A. 2d 383; *Nass's Estate*, 320 Pa. 380, 182 A. 401; and *Hood's Estate*, 323 Pa. 253, 186 A. 740. In each of these cases the testator created an estate for life or lives, and made a gift over to "surviving" children, etc. Here, there were no words of survivorship, nor was there a gift over. Our decision is entirely consistent with those cases.

The order of the court below is affirmed. Costs to be paid from the fund.