### LESSEE of WILLIAM WILSON *against* ENOCH M'VEAGH.

Recital in a sheriff's deed no evidence of his authority to sell lands, unless the judgment is produced, and also the executions since the 26th March 1785.

Ejectment for 71 acres and 115 perches of land in Wayne township.

The plaintiff claimed the lands in question under two several sheriff's sales, but did not produce in evidence any extract of the judgments and executions on which the sales were had.

Mr. Hamilton for the defendant moved for a nonsuit.

Mr Watt for the plaintiff argued, that the sheriff was empowered by law to convey the same right as the debtor had, and that his sale vested the title in the purchaser. (Prov. Laws, 9, 50.) By the act of 26th March 1785, (2 Dall. St. Laws, 283, § 7,) no sheriff's deed is to be avoided for want of producing the executions and returns thereon, or for want of proof of due notice of the sale, or of the deed not being recorded.

By the court. We cannot avoid nonsuiting the plaintiff, unless he produces an exemplification or abstract of the records. The judgments and executions are the authority under which the sheriff acted, and the consequences of asserting the doctrine, that a sheriff by his recital could deduce a power to sell lands, would be highly mischievous. The law of 1785 has only a retrospective view, and extends solely to sheriff's deeds theretofore made, where peaceable possession had accompanied them for six years ; now here one of the sheriff's deeds is dated 22d January 1766, but the other on the 24th July 1790 ; and this law strongly proves the necessity of legislative interference to cure the defect of executions or an inquisition, where possession has gone with the deed ; but it does not go so far as to supersede the necessity of showing a judgment in evidence. This still remains necessary to be proved, and cannot be dispensed with. Vide Runn. Eject. 117. Gilb. Law of Evid. by. Lofft, 10, 11.

Plaintiff nonsuit.