# Phillips, Appellant, *v.* Crist.

*Estoppel—Statement as to boundary of land—Executors and administrators—Orphans' court sale.*

Where at an orphans' court sale for the payment of decedent's debts, the executor publicly states that the land sold extends to a particular line named, and it appears that in the petition for the sale, and in the advertisements thereof, the same line is designated as a boundary, the executor is estopped from subsequently asserting that the land did not extend to the line designated, where such assertion is in favor of an individual title in himself.

*Deed—Boundaries—Description—Quantity.*

Quantity is not decisive in determining title. Description of land by qauntity does not amount to a covenant that the land shall equal the quantity mentioned in the deed. The grantee has a right to all the land within the boundaries.

*Ejectment—Pleading—Estoppel—Evidence.*

The proper plea in ejectment is "not guilty," and under this plea the defendant may avail himself of the defense of estoppel, and he may do this by oral testimony.

Argued March 7, 1907. Appeal, No. 13, March T., 1907, by plaintiff, from judgment of C. P. Lycoming Co., Sept. T., 1901, No. 314, on verdict for defendant in case of David C. Phillips v. Charles B. Crist. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Ejectment for land in Franklin township.    Before ORMEROD, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

The defendant presented, inter alia, the following points:

5. If the jury find from the evidence in this case that the executors of Philip Crouse, deceased, and the trustees of Hiram Crouse, deceased, being the same persons, at the time of the sale of the land conveyed to G. B. Crist, stated to the bidders that they were then selling all the land belonging to these estates of Philip Crouse and Hiram Crouse, and particularly pointed out that this would include the land described in the plaintiff's writ, and that the sale was so made to the defendant, then their verdict should be for the defendant.    *Answer:* This point is affirmed, if the jury find that the plaintiff, D. C. Phillips, made such statements to the defendant, and the defendant relied upon such statements in making his purchase. [13]

6. If the jury believe that the plaintiff induced the defendant to make the purchase which he did make by stating that the land in dispute was included in that purchase, then the plaintiff is estopped from now claiming otherwise, and the verdict must be for the defendant.    *Answer:* This point is affirmed. [14]

Verdict and judgment for defendant.    Plaintiff appealed.

*Errors assigned* among others were (13, 14) above instructions, quoting them.

*Thomas M. B. Hicks* and *William E. Crawford*, for appellant. —The plaintiff would most certainly deny that he made at the time of the sale, or any other time, any such statements as were attributed to him by the defendant and his witnesses.    But there was no notice to the plaintiff that the testimony was admitted and was to be submitted to the jury for the purpose of establishing an estoppel, and, under the advice of his counsel, he properly refrained from offering in rebuttal evidence upon an issue which was not in the case.

*C. Larue Munson*, of *Candor & Munson*, and *Harvey W. Whitehead*, for appellee.—The plaintiff is estopped from denying that the defendant's title includes the land up to the

Dugan line: Kellerman v. Miller, 5 Pa. Superior Ct. 443; Root v. Crock, 7 Pa. 378.

OPINION BY MORRISON, J., April 15, 1907:

We find no real dispute of fact in this case and the appeal must be determined upon legal principles. The learned court below submitted the case to the jury on the question of estoppel, practically instructing the jury that if they believed the defendant's testimony in connection with the papers in the case referred to, the plaintiff could not be heard to deny that the land in controversy was included in the sale made to the defendant by the executors and trustees in pursuance of an order of court made March 4, 1901.

Philip Crouse, John Crouse and Hiram Crouse were bachelor brothers, living together and occupying land in common, though in somewhat diverse ownership. In 1856 they bought jointly the Frick tract, and later, Philip, alone, purchased the adjoining Fiester lot. These lots and the disputed land are shown on the plot inserted at the end of this opinion. Hiram died first, intestate; John died next, having devised all his property to Philip, and lastly, Philip died, intestate, owning all the Fiester and sixteen twenty-firsts of the Frick tracts.

The plaintiff, D. C. Phillips, was one of the executors of the will of Philip Crouse and applied to the orphans' court for an order to sell his real estate for the payment of debts. The petition for the sale describes the Fiester tract as bounded by the land of Dugan on the west, and it also asks to sell the undivided interest of Philip in the Frick tract. In the meantime, there was an application to partition the real estate of Hiram Crouse, consisting of undivided interests only, and was so proceeded in that in time an order of sale was made to D. C. Phillips, and his coexecutor, Oscar Ikler, as trustees. The order of sale in Philip's estate, under the order of the court, was held in abeyance until Hiram's interest could be sold by these trustees, and the final order made directed D. C. Phillips and Oscar Ikler, executors and also trustees, to sell together both the land of Philip and the undivided interest of Hiram. The executors and trustees advertised the sale and expressly stated that there will be sold the interest of both Philip and Hiram "so that the purchaser of any or all of said

real estate will acquire complete title to his purchase." In all of the papers relating to the sale, to wit : the petition, sales bill, report of sale and deed to C. B. Crist, the defendant, the land purchased by him is always described as " bounded westerly by the land of Alfred Dugan."

It is very certain that the plaintiff cannot recover in this action if the land purchased by the defendant runs west to the Dugan line. In addition, to the papers in the case, it was proved at the trial by the defendant and by four other witnesses, in substance, that at and before the sale of the land to the defendant, David C. Phillips, executor and trustee, stated distinctly that the Fiester lots which were being sold extended west to the Dugan line ; that there was valuable timber on this land which is now in dispute, and that it was on the Fiester lots because they extended through to the Dugan line. The papers and the oral testimony of these witnesses is overwhelming evidence that the present plaintiff represented at the sale that the purchaser of the Fiester lots would get title westerly to the Dugan line. This oral testimony was given at the trial in the presence of the plaintiff, and although he was twice upon the stand as a witness, he did not deny having made such representations. From the whole case we conclude that at the time he was making the sale as executor and trustee, he believed and understood that the disputed land marked on the plot was a part of the Fiester lots. At the sale referred to, Crist, the defendant, bought the Fiester property and received a deed therefor, describing the property as " bounded northerly by lands of William Megargel and Ira Houseknecht, easterly by lands of Philip Crouse and the estate of Hiram Crouse, southerly by the same, and westerly by land of Alfred Dugan, containing sixty acres of land more or less, and known as the Fiester tract." The purchase price was $1,705. The evidence tends to show that about three-fourths of the value of the land was in the timber standing upon the disputed land. At the same sale, after Crist had made his purchase, T. M. B. Hicks, bought what is described in his deed as the " Frick purchase," and received a deed therefor in June, 1901, and one month later conveyed it to the plaintiff, who is the same D. C. Phillips who sold the property, as executor and trustee, to the defendant on the inducements and representa-

tions above referred to.    Fourteen days later, Phillips brought this action of ejectment and claims the land from what appears on the plot as the west end of the Fiester plot to the Dugan line, thus denying that the defendant's purchase goes to the latter line.

Whether or not, under the executors' and trustees' sale, the defendant actually acquired a good title to the land in dispute, may be open to discussion.    We do not, however, feel called upon to decide that question.    If the learned court below was right in ruling upon this question of estoppel, the judgment should be affirmed, otherwise it should be reversed.    The learned counsel for the plaintiff, who purchased the Frick lot and within a month conveyed it to Phillips, saw fit to assure us several times in his oral argument that he did not buy the land for Phillips.    We do not consider this a controlling question. But when he conveyed the land to the plaintiff, and he brought this ejectment, the question is squarely raised as to whether he is estopped from asserting title to the disputed land as against the defendant.    The counsel argues that under the pleadings, the defendant could not avail himself of the ground of estoppel, and that no notice was given during the trial that the defendant would rely on estoppel.    An examination of the record shows that the counsel is mistaken.    He raised estoppel himself in an objection to testimony, and the learned court expressly ruled on this question during the trial.    The record shows that the court held, during the trial, that the declaration of the plaintiff in reference to the boundaries of the lot, if made in the presence of the defendant, were competent for the purpose of estoppel.

The learned counsel contends that the pleadings ought to have notified the plaintiff that the defendant would rely on estoppel.    The abstract of title of the defendant shows that the deed of the plaintiff to him included the land to the Dugan line and this was substantial notice that the defendant relied on estoppel by deed.    The Frick purchase was a common source of title—nobody contending that the disputed land was not, at one time, a part of the Frick purchase.    Therefore, when the defendant gave notice in his abstract of title that he claimed to the Dugan line, it must have suggested, to any lawyer at least, that he was relying on estoppel.    But is there

any difficulty in the way of the oral testimony showing estoppel under the plea of not guilty?

In Bruner v. Finley, 211 Pa. 74, the Supreme Court held that the proper plea in ejectment is " not guilty," and under this plea the defendants can avail themselves of the defense of res adjudicata.

In the present case, the defendant's counsel must have been well aware, during the trial, that the defense was relying on estoppel, and they saw fit to go through with the trial and not raise the question of surprise and ask for a continuance when the court ruled that such evidence was admissible. If there had been merit in this contention, the defendant ought to have been allowed to amend his answer, and if that had been done, the plaintiff could have pleaded surprise. We find nowhere in the record any suggestion by the plaintiff of suprise when the learned court held that the defendant might rely on estoppel.

An argument is also made in regard to the quantity included within the boundaries contained in the deed to the defendant. These seem to increase the quantity of the Fiester lot, proper, about thirty acres. The deed and papers describe the land as containing sixty acres, more or less. But it is well decided that quantity is not decisive in determining title. Description of land by quantity does not amount to a covenant that the land shall equal the quantity mentioned in the deed. The grantee has a right to all the land within the boundaries : Large v. Penn, 6 S. & R. 488.

In Miller v. Cramer, 190 Pa. 315, the land was described as containing about four and one-half acres, and known as the Oakley coal bed. The boundaries actually included eighteen acres, but the Supreme Court held that the quantity must give way to boundary lines, and the title to the eighteen acres passed by the deed.

If the plaintiff is not estopped by his description of the land in the sales bills and in the deed, and by the oral statements proved over and over again to have been made by him, that the Feister lots ran west to the Dugan line, then it is difficult to understand where the principle of estoppel can be used as a defense.

In Kellerman v. Miller, 5 Pa. Superior Ct. 443, we held as

stated in the syllabus: "An administrator who sells land by virtue of authority granted by the orphans' court on petition for leave to sell for payment of debts, is estopped from asserting an individual title as against that made by him as such administrator. The principle of estoppel applies as against an after-acquired interest." In that case it was explicitly held that the purchaser acquired the administrator's individual title by estoppel.

What we decide in the present case is that whether the executors' and trustees' sale did, or did not, vest a good title to the disputed land in the defendant, it is a good title as against the plaintiff and those claiming under him, on the ground of estoppel.

The assignments of error are all dismissed and the judgment is affirmed.