## Mickey et al. *v.* Hardin et al., Appellants.

*Ejectment—Vendor and vendee—Vendor in possession as trustee —Adverse possession—Evidence—Case for jury.*

When the possession of one is shown to have been once in subordination to the title of another, it will not be adjudicated afterwards adverse without clear and positive proof of its having distinctly become so; for every presumption is in favor of the possession continuing in the same subordination to the title. The proof must reach so far as to show that the adverse possession, assumed, was brought to the knowledge of the holder of the title.

The presumption that a grantor, who retains possession of land, holds as trustee for his grantee is not conclusive. A grantor with warranty may originate a possession adverse to his grantee, and the adverse possession originated by a party in privity with the true owner differs from that originated by a stranger only in requiring stronger proof. The evidence must establish not only that the grantor is holding for himself, but that the grantee had knowledge of that fact.

*Ejectment—Evidence—Res gestæ.*

The character of the possession of a party, as stated by himself, while in possession is part of the res gestæ. They are evidence for him on the same principle that the facts of taking possession, of maintaining it, of marking lines and corners and of making improvements are evidence in his favor. The declarations accompanying and explanatory are part of the acts themselves.

Evidence of such declarations, standing alone, would not be sufficient to overcome the presumption that the possession of a grantor was not adverse to that of his grantee, but the evidence is to be admitted and is to be considered with all the other evidence in the

case in determining whether the proofs measure up to the standard required.

Where the grantor of land continues in possession of it for over twenty years, there is a presumption that he holds it as trustee for the grantee and not adversely to him, but this presumption may be rebutted by proof that the possession was adverse and that the grantee knew it.

Under such circumstances, the case is for the jury and it is error to give binding instructions in favor of the plaintiff.

Argued April 19, 1922. Appeal, No. 156, April T., 1922, by defendants, from judgment of C. P. Fayette Co., Dec. T., 1913, No. 291, directing a verdict for plaintiff in the case of Sarah Elizabeth Mickey, widow, et al., v. Mary E. Hardin, widow, et al. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Ejectment for 116 acres in Georges Township, Fayette County. Before VAN SWEARINGEN, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of plaintiffs. Defendants appealed.

*Errors assigned,* among others, were in directing a verdict for the plaintiffs and the judgment of the court.

*D. M. Hertzog,* and with him *Carr & Carr,* for appellants, cited: Greenwich Coal & Coke Company v. Learn, 234 Pa. 180; Susquehanna and Wyoming Valley Railroad and Coal Company v. Quick, 68 Pa. 189; Sheaffer v. Eakman, 56 Pa. 144; Connor v. Bell, 152 Pa. 444; Thompson v. Kauffelt, 110 Pa. 209.

*Elias Goodstein,* and with him *H. E. Hockney* and *L. B. Brownfield,* for appellees, cited: McMinn v. Cummings, 56 Pa. Superior Ct. 77; Buckholder v. Sigler, 7 W. & S. 154; Olwine v. Holman, 23 Pa. 279; Ingles v.

Ingles, 150 Pa. 397; Connor v. Bell, 152 Pa. 444; Pierce v. Barney, 209 Pa. 132; James v. Bream, 263 Pa. 305; Com. v. Bierly, 37 Pa. Superior Ct. 496; Johns v. Johns, 244 Pa. 48.

OPINION BY PORTER, J., October 9, 1922:

This is an action of ejectment for a tract of land in Georges Township, Fayette County. Esau Hardin, on April 28, 1885, executed and acknowledged a deed conveying the tract to John Mickey, which deed was subsequently recorded in the County of Fayette. Hardin continued in the actual and exclusive possession of the tract, farming it, cutting and selling timber and mining and selling coal to his neighbors, until 1907, when he executed and delivered a deed conveying the tract to the present defendants, and shortly afterwards died. The defendants have since continued in the exclusive possession of the tract. John Mickey died in 1899, whereupon his interest, if any he had in the tract, descended to the plaintiffs in this action, who, in October, 1913, brought this action. Upon the trial in the court below the learned judge gave binding instructions in favor of the plaintiffs and from the judgment on the verdict the defendants appealed.

There was no doubt, under the evidence, that Esau Hardin and his successors in title, these defendants, had been in the actual, open and exclusive possession of the tract of land ever since Hardin executed the deed to Mickey, in 1885, and that possession had been continuous until October, 1913, when this action was brought, a period of more than twenty-eight years. Had this possession been in its inception adverse to the record title of Mickey there could have been no question that the claim of the defendants was well founded. Hardin was, however, the grantor of Mickey, and his possession, after the delivery of the deed, is to be regarded as that of a trustee for Mickey, so far as the possession was concerned. If he wished to change the character of the pos-

session it was incumbent upon him to manifest his intention by some act of hostility to the title of his grantee, plainly indicating to the latter the intention to deny his right and to hold adversely to it. When the possession of one is shown to have been once in subordination to the title of another, it will not be adjudicated afterwards adverse without clear and positive proof of its having distinctly become so; for every presumption is in favor of the possession continuing in the same subordination to the title. The proof must reach so far as to show that the adverse possession, assumed was brought to the knowledge of the holder of the title: Ingles v. Ingles, 150 Pa. 401; Johns v. Johns, 244 Pa. 48; O'Boyle v. Kelly, 249 Pa. 13; McMinn v. Cummings, 56 Pa. Superior Ct. 77. The presumption that a grantor who retains possession of land holds as trustee for his grantee is not conclusive. "The doctrine, that a grantor with warranty may originate a possession adverse to his grantee, and that the adverse possession originated by a party in privity with the true owner differs from that originated by a stranger only in requiring stronger proof, is well settled": Milnes v. Vangilder, 197 Pa. 351. The evidence must establish not only that the grantor was holding for himself, but that his grantee had knowledge of that fact.

The defendants offered to prove the declarations of Esau Hardin made while in possession of the land and explanatory of the character of that possession, and the exclusion of that testimony is the subject of the first assignment of error. The character of the possession of a party, as stated by himself, while in possession is part of the res gestæ. They are evidence for him on the same principle that the facts of taking possession, of maintaining it, of marking lines and corners, and of making improvements, are evidence in his favor. The declarations accompanying and explanatory, are part of the acts themselves: Sample v. Robb, 16 Pa. 320; Sheaffer v. Eakman, 56 Pa. 151; Greenwich C. & C. Co. v.

Learn, 234 Pa. 189. Evidence of such declarations, in a case such as the present, would not, standing alone, be sufficient to overcome the presumption that the possession of a grantor was not adverse to that of his grantee, but the evidence is to be admitted and is to be considered with all the other evidence in the case in determining whether the proofs measure up to the standard required. The first specification of error is sustained.

The remaining assignments of error are founded on exceptions to the action of the court in giving binding instructions in favor of the plaintiff. The testimony of John Low would have warranted a finding that shortly after the deed from Hardin to Mickey was executed he had a conversation with Mickey in which the latter declared that he did not own the Hardin farm. The testimony of James Huey, if true, established that the witness had, some years after the deed was executed been sent by members of the school board to see if they could get a part of the tract of land for the erection of a schoolhouse; that the witness went to Mr. Mickey and spoke to him about it and that Mr. Mickey told him "to go to Esau Hardin that he had nothing to do with it; that he, Mickey, had nothing to do with it." If the testimony of this witness was true, Mickey not only knew that Hardin was holding for himself, but acknowledged that he had the right to so hold. We are of opinion that the case was for the jury and that the court erred in giving binding instructions in favor of the plaintiff.

The judgment is reversed with a venire facias de novo.