# R. Munroe & Sons *v.* Frank Mason and Louis E. Zaharides, Appellants.

*Ejectment—Title to real estate—Adverse possession—Proof.*

Where one enters into possession of land in subordination to the title of the true owner and afterwards asserts title against him by adverse possession, it must be proven that the holder of the record title had express notice that the party in possession was claiming adversely. A claim of title by adverse holding founded on possession alone, must be so open, visible and notorious that it amounted to notice to the world that the right of the true owner was invaded intentionally and with a purpose of asserting a claim of title adversely to him.

In an action of ejectment it is proper to admit in evidence declarations of one of the parties that their holdings were not under a claim of title.

*Trials—Charge of court.*

A point which does not limit the jury to the consideration of the evidence is bad in form, and should be refused. But a point prefaced with the expression "If the jury find," which can only, in view of the charge as a whole and the other points submitted in the case, be understood as referring to a finding based on evidence is not objectionable.

Argued April 22, 1924. Appeal, No. 45, April T., 1924, by defendant, from judgment of C. P. Beaver Co., March T., 1922, No. 353, on verdict for plaintiff in the case of R. Munroe & Sons v. Frank Mason and Louis E. Zaharides. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Ejectment to recover possession of one and one-third acres of land situate at Wolf Run in Beaver County. Before BALDWIN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff and judgment thereon. Defendant appealed.

412 MUNROE *v.* MASON & ZAHARIDES, Appellants.

*Errors assigned* were the charge of the court, answers to points and the refusal of defendant's motion for a new trial.

*A. P. Marshall,* and with him *R. S. Holt,* for appellants.

*Edwin M. Wallover,* and with him *W. S. and W. S. Moore, Jr.,* for appellee.

Opinion by Keller, J., July 2, 1924:

This was an action of ejectment. The real issue raised by the pleadings, (See Act of June 7, 1915 P, L. 887) was whether the defendants had obtained a valid title to the land by adverse possession. In their answer, in the nature of a special plea, setting forth their grounds of defense, defendants did not attack the plaintiff's abstract of title, but set up the affirmative defense of ownership by adverse possession. When, therefore, the plaintiff had proved its record title out of the Commonwealth, in accordance with the abstract forming part of its declaration, this constituted such a prima facie title as was sufficient to put the defendants on proof of a better right: Dikeman v. Parrish, 6 Pa. 210, 222; and the burden of establishing their ownership by adverse possession rested on them: Henry v. Huff, 143 Pa. 548, 554, 560; Deppen v. Bogar, 7 Pa. Superior Ct. 434, 448; Hoysradt v. D., L. & W. R. Co., 151 Fed. 321, 323; Rowand v. Updike, 28 N. J. L. (4 Dutcher) 101. It follows that the court below did not err in so instructing the jury. Of course any defect in the plaintiff's title, which appeared in the plaintiff's case, could be seized hold of and used by the defendants, even without having set it up in their answer, but as the plaintiff's evidence of title has not been printed by the appellants as a part of the record, we have nothing before us on which to base consideration of any assignments of error concerning it. We may say, however, that the wholly retrospective effect of section 7 of the

Act of March 26, 1785, 2 Sm. L. 299, (Wilson's Lessee v. McVeagh, 2 Yeates 86), has been changed by the amending supplement of July 8, 1885, P. L. 270. Assignments one, three.and eight are overruled.

(2) We find no error in the charge of the court and answers to points as respects the possession and claim of ownership required of one alleging title by adverse possession. The court expressly refused to apply to this case the rule laid down where one enters into possession of land in subordination to the title of the true owner and afterwards asserts title against him by adverse possession, viz., that in such case it must be proven that the holder of the record title had express notice that the party in possession was claiming adversely; Johns v. Johns, 244 Pa. 48; O'Boyle v. Kelly, 249 Pa. 13; Sallada v. Mock, 271 Pa. 212; Mickey v. Hardin, 79 Pa. Superior Ct. 592. The jury here were distinctly told that the defendants' claim of title by adverse holding could be founded on possession alone, if so open, visible and notorious that it amounted to notice to the world that the right of the true owner was invaded intentionally and with a purpose of asserting a claim of title adversely to him. In other words, one's claim to hold lands in despite of all others, no less than his intent to do so, may be manifested by unequivocal acts, as well as by declarations: Dikeman v. Parrish, supra, p. 225. The second assignment is overruled.

(3) The jury were instructed that it was their duty to ascertain the facts from the testimony, and applying the law as explained by the court, to render such a verdict as the facts and the law might warrant. In view of this plain injunction, as well as from other portions of the charge, the jury could not have understood otherwise than that it was their duty to find the facts from the evidence, and it was unnecessary for the court to mention this point specifically every time reference was made to their findings. Thus, such of the plaintiff's points as were based on the conditional, "If the jury find," etc.,

414 MUNROE *v.* MASON & ZAHARIDES, Appellants.

could only, in view of the charge as a whole and the
other points submitted in the case, be understood as
referring to a finding based on evidence. In Com. v. Na-
zarko, 224 Pa. 204, and Dinch v. Workman, 75 Pa. Supe-
rior Ct. 101, cases relied upon by appellants, the language
in the points which was held objectionable was, "If the
jury believe," etc., and it was pointed out that the jury
might capriciously form a belief without reference to the
testimony; whereas, here, there was no room for doubt
under the charge of the court that their finding must be
based on the evidence in the case. The fourth, fifth and
seventh assignments are overruled.

(4) Nor do we think the court committed error in its
instructions to the jury with respect to the effect of ad-
missions by the defendants that their holding was not
under a claim of title. The broad statement of Judge
HUSTON in Farmers' & Mechanics' Bank v. Wilson, 10
Watts 261, 262, relied upon by appellants, was condi-
tioned on the proposition, "If the owner is about to com-
mence an action, and the person in possession agrees to
become a tenant and hold under him;" as to which Judge
HUSTON said: "Yet I would require the acknowledgment
to be express, to be made to the owner or his agent,
known as such, and not only an acknowledgment that
the title of the person coming to claim was good, but also
further, a distinct agreement to leave the land or con-
tinue as tenant." This dictum was criticized as too
broad by Chief Justice GIBSON in Sailor v. Hertzogg, 2
Pa. 182, 184, who pointed out that the intent to hold in
hostility, which is always an essential of adverse posses-
sion, may be rebutted by declarations to the contrary.
And in Read v. Thompson, 5 Pa. 327, the Supreme Court
adopted the charge of the court below (WOODWARD, P.
J.) who said in criticism of Judge HUSTON's language:
"I agree that the admission must relate to the title now
set up against the party in possession; but that it must
be made to the owner of that title or his agent, and that
if made to neighbors and persons not in interest it is to

be excluded from the jury, are propositions to which I do not assent" (p. 332). The question is largely academic here, because Leaf and Munroe who testified to the admissions of the defendant, Mason, were the agents of the owner, (plaintiff's predecessor in title), engaged on his business at the time the alleged admissions were made. The sixth assignment is overruled.

The remaining assignments are purely formal and need not be discussed. They are all overruled and the judgment is affirmed.