# Bumm's Estate.

Argued November 25, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*R. M. Remick,* of *Saul, Ewing, Remick & Saul,* for appellant.—Under the third item of the will a one-third interest in remainder was vested in Florence Belle Hughes at the time of the death of the decedent: Bair's Est., 255 Pa. 169.

The expression of a contrary intent effective only upon a condition which did not occur cannot be made the basis of a construction destructive of the vested remainder thus created: Troutman's Est., 270 Pa. 310.

*George J. Edwards, Jr.,* for appellee.—"Survivor" means the nephew or niece who outlived Mr. and Mrs. Bumm and the other nephew and niece. The "share" given over to the "survivor" is that which is taken from the deceased nephew or niece: Kidd's Est., 293 Pa. 56; French's Est., 292 Pa. 37; Price's Est., 279 Pa. 511; Mifflin's Est., 279 Pa. 429; Deeter's Est., 280 Pa. 135; Wettengel's Est., 278 Pa. 571.

OPINION BY MR. JUSTICE WALLING, January 5, 1932:

Mrs. Belle S. Bumm, late of Philadelphia, died testate in March, 1917. The provisions of her will here material, after giving her husband, William Henry Bumm, a life estate, were as follows, viz.: "After the death of my said husband, I give, bequeath and devise all of my property and estate of every kind as it may then be, to Charles Jacob Naylor, Florence Belle Naylor and Harold Steelman Naylor, children of John Naylor and Julia Steelman Naylor, now deceased, of the said city, share and share alike, absolutely and forever.

"If my husband should die before me, I give, bequeath and devise all of my property and estate to the said Charles Jacob Naylor, Florence Belle Naylor and Harold Steelman Naylor, share and share alike, and if either of them should die either before me or before the death of my husband, I give, bequeath and devise the share and portion of my property and estate herein given to such person to the survivor or survivors of them." The

husband survived testatrix and died in 1930. The legatee, Harold Steelman Naylor, predeceased the testatrix, leaving issue. The legatee Florence Belle Naylor (later Florence Belle Hughes) survived the testatrix but predeceased the life tenant, leaving issue. Charles Jacob Naylor, sole surviving legatee, claims the entire estate under the provisions of the will. This is contested by the executor of Florence Belle Hughes. The auditing judge, affirmed by the orphans' court, sustained the claim of Charles Jacob Naylor and the executor has appealed.

The appeal cannot be sustained. A will must be construed as a connected whole and if possible so as to give effect to all of its provisions: Conner's Est., 302 Pa. 534; Deeter's Est., 280 Pa. 135; Hollinshead's Est., 273 Pa. 573; Schuldt v. Reading Trust Co., 270 Pa. 360; Johnson v. Morton, 10 Pa. 245. So doing, it is clear that the share of a residuary legatee dying during the life of testatrix or that of her husband passes to the survivor or survivors. The will says "and if either of them [the residuary legatees] should die either before me or before the death of my husband, I give, bequeath and devise the share and portion of my property and estate herein given to such person to the survivor or survivors of them." That she might have given the share of those so dying to their respective issue, or that, under the law, it might have been so construed in the absence of a contrary provision, is true, but she chose to provide otherwise. She was disposing of her own property and might do so as she pleased: Baughman's Est., 281 Pa. 23. The contention that the gift to survivors is contingent upon the death of the husband before that of testatrix is untenable, for this provision includes death of the residuary legatee either before testatrix's death or the death of her husband. We cannot conceive that testatrix intended the ultimate disposition of her estate to depend upon the question of survivorship between her and her husband, as the orphans' court says, an extraneous fact. Having

272

provided the residuary bequests on the death of the husband it was natural to add that if he predeceased testatrix those bequests should take effect immediately. The two clauses must be construed together. The orphans' court correctly says: "As we read the will, all of it should be read as one connected whole. The testatrix devised her estate in trust for her husband for life with remainder to Charles, Florence and Harold, and then, realizing the possibility of the death of any or some of them, added what should happen, first, in the event of the death of her husband before her, and, second, in the event of the death of any of Charles, Florence and Harold, either before her or before her husband, indicating that only the survivor or survivors of them should take." It has been pertinently said that "no will has a brother," hence, in construing a will precedents are of little value: Kidd's Est., 293 Pa. 56; Joyce's Est., 273 Pa. 404. Where, as here, the intent of testatrix is expressed in plain language no rules of construction are necessary: Price's Est., 279 Pa. 511. Bair's Est., 255 Pa. 169, relied upon by appellant is unlike the present case. The will there contained no provision similar to that in the instant case.

The decree is affirmed and the appeal is dismissed at the cost of appellant.

This opinion was written by Justice WALLING; it is now adopted by and filed as the opinion of the court.

PER CURIAM,

By ROBERT S. FRAZER, C. J.