## Garrett's Estate

Before Henderson, Van Dusen, Stearne, Sinkler, and Klein, JJ.

540

542

544

*Thomas B. K. Ringe, Cadmus Z. Gordon, Jr., Benjamin H. Ludlow, John G. Kaufman, James E. Riely, Russell Wolfe, W. Horace Hepburn, Jr., Robert V. Bolger, J. Jerome Sklar, Horace J. Donnelly, Jr., C. Clark Hodgson; Levick, Wexler & Weisman; Thaddeus S. Krause, Walter Jones, Harry J. Gerber, M. Jacob Markmann, H. Eugene Heine, A. Evans Kephart; Moore, Gossling & Panfil; Benjamin H. Wolf; Aarons, Weinstein, Stone & Goldhaber; Albert Dennis,* and *Hirschwald, Goff & Rubin,* for exceptants.

*Joseph Marinelli, Thomas J. Minnick, Jr., Curtis Bok, Robert M. Boyle, Wilhelm F. Knauer; Pepper, Bodine, Stokes & Schoch; Bell, Truscott, Henry & Sutton,* contra.

HENDERSON, J., July 12, 1935.—We have read the record and studied the briefs, and are of opinion that the auditing judge is right and for the reasons given by him.

Language that is simple and plain may not be subjected to technical rules of construction to reach another result.

In Reck's Appeal, 78 Pa. 432, 435, Mr. Justice Sharswood said: "It is a rule of common sense as well as law not to attempt to construe that which needs no construction."

In Wood v. Schoen, 216 Pa. 425, Mr. Justice Mestrezat said: "If the language employed by him [testator] in disposing of his estate is plain and clearly discloses his intention the will interprets itself, and hence no rules of construction are necessary to aid in its interpretation."

In Boyer et al. v. Campbell et al., 312 Pa. 460, 462, Mr. Justice Drew said, inter alia: "The first consideration in construing a will is to give effect to the intention of the testator, and where, as here, that intention is expressed in plain language, no technical rules of construc-

tion are necessary: Leech's Est., 274 Pa. 369; Price's Est., 279 Pa. 511; Bumm's Est., 306 Pa. 269."

The disputed paragraph, no. 13 of the will, contains 11 lines. A printed brief devotes 45 pages to its construction, an average of 4 pages to each line—an extraordinary effort at interpretation.

The exceptions are dismissed and the adjudication is confirmed absolutely.