## Bisbort's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, and Ladner, JJ.

*Charles R. Hindley,* for petitioner.

*Emanuel W. Beloff,* for Anna J. Moeshlin.

*Warren S. Spalding,* for respondent.

LADNER, J., July 23, 1941.—This matter came before the court on a petition for inquest in partition and answer thereto. From the admitted averments it appears that certain real estate of testator, Jacob Bisbort (who died in 1899), was partitioned in 1906 among his devisees and by the report of the commissioners "Purpart no. 4" consisting of the real estate described in the present petition was awarded to one of his devisees, a daughter, Josephine E. Rodgers (formerly Josephine E. Schmidt), for life, the award being made in the language of the will as hereinafter quoted.

Josephine E. Rodgers died December 25, 1939, without issue. Of the five children of testator only one survived the deceased life tenant, viz, Edwin E. J. Bisbort. The other children survived testator, two leaving children now living and one a widow. This widow, Clara Bisbort, is the petitioner and lists in her petition for partition the following parties as presently entitled to the remainder interests in the real estate which Josephine held for life, viz: (*a*) Edwin E. J. Bisbort, the son of testator; (*b*) the children of George H. Bis-

bort (a deceased son of testator who died in 1917); (c) children of Anna J. Altmaier, a deceased daughter of testator (who died in 1905); (d) Clara Bisbort, widow and sole legatee of Louis A. Bisbort, deceased son of testator, who died in 1935.

Edwin E. J. Bisbort by his answer avers that he, being the only child of testator who survived the life tenant, is therefore the only party interested and claims sole title to the real estate in question. He contends that testator's will gives the remainder interest only to such children of testator as survived the *life tenant.* The question raised by the petition and answer for our decision is whether the remainder interests given were contingent upon devisees surviving testator or surviving the life tenant.

Testator had five children. By his will, after expressing "a desire to provide for all my children as nearly alike as possible" he bequeathed and devised all his personal and real estate to his five children (naming them) "share and share alike." There followed the provision which gives rise to the controversy, viz:

"Regarding the portion of the estate (my Estate) to which my daughter Josephine E. Schmidt shall fall heir to, it is for her only until her death, and should she have no children of her own at the time of her death, her portion of my estate is to be equally divided among the remainder of my children living, but should she have children of her own at the time of her death it is to be divided among them, and no portion of it is to go into the possession of her husband."

Petitioner rests her position largely on the applicable canons of construction which here include (1) testator's expressed desire of dealing equally with his children, and (2) the presumption that the time of the vesting of a remainder, in absence of language to the contrary, is ordinarily referred to the death of the testator rather than to that of the life tenant. However, before technical rules of construction can be applied, it

is our duty to see if the language of testator's will "sufficiently indicates" his intention without their aid: Leech's Estate, 274 Pa. 369; Boyer et al. v. Campbell et al., 312 Pa. 460.

The provision of the will in question as we read it indicates with reasonable clarity that testator in specifying who should take in default of the life tenant's children was speaking as of *her* death, not his own. Thus, he says, "should she have no children of her own at the time of her death her portion is to be equally divided among the *remainder* of my *children* living." (Italics supplied.) To give due effect to the word "living," we must necessarily assume decedent meant to exclude such of his children who were not *then* living. Otherwise the word "living" is meaningless. This construction would seem to be reinforced by the failure to substitute the issue of deceased children in their parents' place.

That testator all through this clause was speaking of the time of the life tenant's death finds further support in the language by which he provides for possible children of the life tenant. Thus he says, "but, should she have children of her own *at the time* of her death it is to be divided among them, and no portion of it is to go into the possession of her husband." We have again italicized the significant words by which testator made plain that even Josephine's children were not to inherit unless they survived their mother. We think, therefore, that testator meant by the phrase "remainder of my children living" those children other than the life tenant who should be living at her death.

The cases on the subject are too numerous to review with profit, but the following are in point as supporting the construction here made: Boyer et al. v. Campbell et al., 312 Pa. 460; Bumm's Estate, 306 Pa. 269; Woelpper's Appeal, 126 Pa. 562.

We hold, Edwin E. J. Bisbort is the only party interested and it follows the petition for partition must be dismissed.