Fischer et al. *v.* Hunsberger, Appellant.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Hugh Roberts,* for appellant.

*Wilbur H. Van Dine,* for appellees.

OPINION BY KENWORTHEY, J., April 15, 1942:
In this action of ejectment the verdict was for plain-

tiffs. Defendant has appealed from the refusal of her motions for new trial and judgment n. o. v. The following sketch offered in evidence by appellees will assist in clarifying the issues:

*Blacks Ferry*
Tract No.1 Miller to King
*Lane*
Tract No. 2 Miller to King
*Miller to Funk*

\* This is a free-hand copy drawn from appellees' exhibit No. 17.

The land in controversy consists of the narrow lane or roadway between tracts No. 1 and No. 2 of the property of appellant, the successor in title to Sarah King. Appellees, successors in title to Jacob Funk, claimed title to the lane subject merely to appellant's easement. Appellant claims a good record title, and, in the alternative, that she owns the lane by a possession adverse since 1890. The controversy arose when appellees attempted to construct telephone poles along the lane.

The common grantor, Michael Miller, conveyed to both Jacob Funk and Sarah King on March 25, 1835. The deed to Funk called for over seventy-seven acres and described the property by metes and bounds. The description included the lane, but excepted "the privilege of a road or Cartway for Sarah King her Heirs and Assigns, on that part of the premises hereby Granted which divides and runs through the Lots intended to be Conveyed to the said Sarah King, to the public Road leading to Blacks Ferry ......" The deed

to Sarah King called for twenty-five acres. It described two tracts, each marked off by metes and bounds and also conveyed the privilege of a road or cartway "over that part of the Land and premises intended to be conveyed to Jacob Funk which divides the Lots above described and which runs through between them to the said road leading to Blacks Ferry ......." Appellees acquired title to the Funk property May 12, 1939, and their deed as well as the four intervening deeds in their chain of title used the identical description in metes and bounds contained in Miller's deed to Funk.[1]

Upon the death of Sarah King, her executor, Alfred Moyer, with court approval, sold her realty to pay her debts and purchased it himself. The clerk's deed to him, dated May 6, 1889, recited: "All That Certain Messuage, Tenement And Two Tracts Of Land, now constituting one tract each *joining the other*......" (Italics supplied.) Appellant acquired title from Alfred Moyer's executor on April 15, 1890, and the deed to her also contained this language. Appellant's first contention is that, since the tracts could not join without absorbing the lane, the deed transferred title to it. But the metes and bounds description in both deeds was of two tracts exactly as described in the original deed from Miller to Sarah King, and, in addition, the deeds perpetuated the original language granting the easement over the lane. We think these deeds construed as a whole don't even *purport* to grant title to the lane. But even if they did, they could not have that effect because it is fundamental that neither the deed from the court clerk to Alfred Moyer nor the

---

[1] Except for a lot containing a half acre conveyed by Henry Allebach to John Albright, representing the Hilltown Township School District, December 18, 1872, for use as a public school. Also the deeds involving the last four transfers made no references to the easement in Sarah King's favor. Neither of these modifications has any bearing on the case.

subsequent deed from his executor to appellant could grant more than Sarah King owned. *In re Nebel,* 44 F. (2d) 849 (D. C. Pa.) ; *Boyer v. Campbell,* 312 Pa. 460, 464, 167 A. 284.

Appellant's argument based on the fact that her tracts consist of less than twenty-five acres—the amount recited in the deed—unless the lane is included, is entirely without merit because the description by metes and bounds controls. *Bosler v. Sun Oil Co.,* 325 Pa. 411, 415, 190 A. 718; *Phillips v. Crist,* 33 Pa. Superior Ct. 445, 450.

Appellees are entitled to their judgment in ejectment upon proof of good title even though appellant has an easement. *Tillmes v. Marsh,* 67 Pa. 507, 512. But appellant contends that if she did not obtain title to the lane by deed, she had acquired it by adverse possession. Since she had an easement, proof merely that she made use of the lane within its terms would not be enough. *Rogers v. Stoever,* 24 Pa. 186, 188. She contends that the evidence of adverse use beyond the terms of the easement since 1890 was conclusive. It must be borne in mind that, since appellees showed a good record title, the burden was on appellant to prove the adverse possession. *Munroe & Sons v. Mason & Zaharides,* 83 Pa. Superior Ct. 411. We can, therefore, dispose of the assignments of error relating to the refusal of the motion for judgment n. o. v. on the ground that all the evidence she offered was oral and, therefore, for the jury. *Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523. At most, she would be entitled to a new trial on a showing that the jury's verdict was arbitrary or capricious. There was evidence that the lane was barred at the south end. But these bars were placed there by appellees' predecessor and were designed only to prevent the escape of cattle. There was some evidence that the lane had been under cultivation; that appellant,

throughout the period, had raised crops on it. But appellees offered evidence to show that the roadway had been used throughout the period; that it had never been ploughed; and that appellant neither interfered with this use nor obstructed the roadway until 1940, when this controversy arose. The evidence indicated that the use was extensive over a period of at least thirty-five years from 1895 to 1930. In our opinion the verdict of the jury that appellant had failed to establish adverse possession was amply justified by the evidence. *Parks et al. v. Pennsylvania R. R.,* 301 Pa. 475, 152 A. 682.

Although we have not discussed all the assignments of error, we have considered them, and in our opinion they are without merit.

All the assignments of error are overruled and the judgment is affirmed.