Parkin Estate.

Argued March 14, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*W. E. Shissler,* for appellant.

*Donald K. Royal,* for appellees.

OPINION BY ROSS, J., July 19, 1945:

This case, presented by a petition for a declaratory judgment and answer thereto, involves the construction of a will executed September 25, 1909 by William Stiles Parkin, who died on October 12, 1909, leaving to survive him his widow Lizzie and three children, William Jr., Hellen and Paul. There were also living two children, Robert and George Longabaugh, born to Lizzie Parkin by a former marriage. Lizzie Parkin died intestate on April 6, 1944.

The testator's will is as follows:

"No. 1. I give and bequeath to my beloved wife, Lizzie Parkin, all the furniture Book Painting Linen China Household goods and Chattels in Dwelling House in which we now reside at 1729 Regina Street, Harrisburg State of Pennsylvania.

No. 2. I also bequeath to my children William Parkin Jr., my son, and Hellen Parkin my daughter and Paul Parkin my son, all of my Estate,

real personal or mixed of whatever Nature or kind, or wheresoever situate at the time of my beloved Wife Lizzie Parkin decease.

No. 3. I also give and bequeath to my beloved wife Lizzie Parkin my House situate at 1729 Regina Street Harrisburg, State of Pennsylvania."

On September 25, 1909 the only property owned by the testator was the house situated at 1729 Regina Street, Harrisburg, with the exception of certain items of personal belongings and household furnishings. By Paragraph 2 of the will, upon the death of his wife the testator gave his entire estate to his three named children. By implication, he gave his wife a life estate with remainder to these children. By Paragraph 3 he unqualifiedly gave his wife the property known as 1729 Regina Street, Harrisburg, Pennsylvania. It is the apparent conflict between Paragraphs 2 and 3 with which we are now concerned.

The question before this Court is whether it was the intention of the testator, as expressed in his will, to give his wife a life estate in the property with remainder to the three named children or an estate in fee.

We are of the opinion that the testator intended to give his wife a life estate in the property with the remainder to his three named children.

Paramount in the construction of any will is the actual intention of the testator and the ascertainment of that intention is, in the last analysis, the province of the Courts. *Byrne's Estate,* 320 Pa. 513, 181 A. 500. The intention is to be gathered from the entire will, read as a connected whole rather than from terms of a particular or isolated devise which, regarded alone, might be inconsistent with the testator's obvious testamentary scheme. *Bumm's Estate,* 306 Pa. 269, 159 A. 15; *Murray's Estate,* 313 Pa. 359, 169 A. 103. In ascertaining the intention of the testator his will is to be

construed as of the date of its execution. *Peterson's Estate,* 242 Pa. 330, 89 A. 126; *Thompson v. Wanamaker's Trustee,* 268 Pa. 203, 110 A. 770; *Whiteside's Estate,* 302 Pa. 452, 153 A. 728. It must be read, and its meaning interpreted, in the light of the circumstances by which the testator was surrounded when he made it and by which he was very probably influenced, chief among which are the condition of his family, the natural objects of his bounty, and the amount and character of his property. *Hermann's Estate,* 220 Pa. 52, 69 A. 285; *Frisbie's Estate,* 266 Pa. 574, 109 A. 663; *Brooklyn Trust Company v. Warrington,* 277 Pa. 204, 120 A. 285; *Mayer's Estate,* 289 Pa. 407, 137 A. 627.

An application of these principles can but lead to the conclusion that the will of the decedent discloses a clear intention to restrict his wife's share in his real estate to a life estate only, with the remainder over to the named children. Aside from a few personal belongings of small value, his only asset was the property at No. 1729 Regina Street. He had a wife who had two living children by a former marriage, and the testator had three children of his own. He gives, then, his personal belongings and furnishings by Paragraph 1; by Paragraph 2 his entire estate, which was the house, is to go to his children whom he named so that they would not be confused with the stepchildren. Apparently, after Paragraphs 1 and 2 had been set down, it occurred to the testator that nothing definite had been stated as to the house before the wife's death, and so Paragraph 3 was added.

The natural tendency of the testator's mind was to prefer his kin to outsiders. They were the chief objects of his bounty, and around them he built up his will. *Stille's Estate,* 69 Pa. Superior Ct. 56, 70. If in the use of language the testator may have beclouded the main purposes, nevertheless, if the Court is able to correctly ascertain the true intent, it should give effect

to it. That can be arrived at by a consideration of the entire document and the chief thought or concern of the testator from the language used. There is no occasion to invoke the aid of artificial rules unless there is some ambiguity or uncertainty in the testator's language. *Horwitz v. Norris,* 60 Pa. 261; *Thompson's Estate,* 229 Pa. 542, 79 A. 173. As the court below stated:

"...... the decedent gave his wife a life estate in the property with remainder to his three named children. He had no thought of allowing this property, or any of it, to go out of his line of descent. The will is devoid of any such suggestion. Also this interpretation gives effect to both paragraphs two and three. To hold that three alone is controlling, and that he gave a fee to his wife, would be to delete paragraph two from the will competely. Furthermore, such a construction would not only exclude the decedent's three children from sharing in his bounty but would subject them to the hazard of taking through their mother or not at all. She was not obliged to leave them anything, and only in the event of her intestacy, or a favorable will by her, would they come into any share of the property."

No provision of a will will be disregarded or treated as surplusage unless no other conclusion is reasonably possible. *Mitinger's Estate,* 132 Pa. Superior Ct. 475, 1 A. 2d 572.

Decree affirmed at appellant's cost.